# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2431 | **DATE** | November 2, 2000 |
| **CASE TITLE** | *Denise Renalds vs. S.R.G. Restaurant Group Chicago, LLC, d/b/a The Whiskey Bar & Grill* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part plaintiff's motion to strike thirteen of defendant's fourteen affirmative defenses [8-1]. The court grants plaintiff's motion to strike defendant's first, second, third, fourth, fifth, seventh, ninth, eleventh, and thirteenth affirmative defenses. The court denies plaintiff's motion to strike defendant's sixth, tenth, twelfth and fourteenth affirmative defenses.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | NOV 0 3 2000 date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 00 NOV -2 PM 3:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DENISE RENALDS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**S.R.G. RESTAURANT GROUP,** )<br>**CHICAGO, LLC, D/B/A THE WHISKEY** )<br>**BAR AND GRILL, an Illinois Corporation,** )<br>)<br>Defendant. ) | **Case No. 00 C 2431**<br><br>**Judge James H. Alesia**<br><br>**DOCKETED**<br>**NOV 0 3 2000** |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff Denise Renalds' ("plaintiff") motion to strike defendant S.R.G. Restaurant Group Chicago's ("Defendant") affirmative defenses. For the following reasons, the court grants in part and denies in part plaintiff's motion to strike Defendant's affirmative defenses.

### I. BACKGROUND

Plaintiff filed a two-count complaint against Defendant alleging sexual harassment, constructive discharge and retaliation in violation of 42 U.S.C. § 2000e ("Title VII"). In her complaint, plaintiff seeks reinstatement, lost compensation, compensatory and punitive damages, and prejudgment interest. In answering plaintiff's complaint, Defendant advanced fourteen affirmative defenses. Now plaintiff argues that thirteen of Defendant's fourteen affirmative defenses are insufficient and should be stricken.

## II. DISCUSSION

### A. Standard of Review for Motions to Strike Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 8(c) ("Rule 8(c)"), a party must to set forth affirmative defenses in a responsive pleading. FED. R. CIV. P. 8(c). Under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), "the court may order stricken from any pleading any insufficient defense." FED. R. CIV. P. 12(f). Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Nevertheless, courts should strike affirmative defenses that are clearly mistitled or redundant, for example if they raise matters already raised in the defendant's denial. *See Household Fin. Serv., Inc. v. Northeastern Mortgage Inv. Corp.*, No. 00 C 0667, 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000) (citing *Heller*, 883 F.2d at 1295); *Sanwa Bus. Credit Corp. v. Harris*, No. 91 C 0204, 1991 WL 156116, at *1 (N.D. Ill. Aug. 6, 1991).

Affirmative defenses are pleadings and, as such, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294; *Flasza v. TNT Holland Motor Express, Inc.*, 155 F.R.D. 612, 613 (N.D. Ill. 1994). Accordingly, affirmative defenses must set forth a "short and plain statement." FED. R. CIV. P. 8(a). However, even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. *United States v. Hartz Constr. Co., Inc.*, No. 98 C 4785, 2000 WL 12220919 at *7 (N.D. Ill. Aug. 18, 2000) (quoting *MAN Roland v. Quantum Color Corp.*, 57 F. Supp. 2d 576,

2

578 (N.D. Ill. 1999). Bare legal conclusions attached to narrated facts will not suffice. *See Heller*, 883 F.2d 1286, 1294 (granting motion to strike affirmative defenses in which defendants omitted any short and plain statement of facts and failed to allege necessary elements of claims); *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

Furthermore, affirmative defenses must meet the standards of Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). FED. R. CIV. P. 12(b)(6); *see also Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). Under Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader. If, when viewed in the light most favorable to the pleader, the allegation fails to state a claim upon which relief can be granted, the court must dismiss it. *See Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987) (construing Rule 12(b)(6)). Nevertheless, the court may dismiss the allegation only if it appears beyond a doubt that the pleader can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

This district has followed a three-part test in examining affirmative defenses subject to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient. *Heller*, 883 F.2d at 1294 (approving three-part test set forth in *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737

(N.D. Ill. 1982)); *see also Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*, No. 99 C 8237, 2000 WL 1222043, at *2 (N.D. Ill. Aug. 22, 2000) (quoting and following three-part test). Note, however, that striking an affirmative defense does not necessarily bar its substantive argument from the case because affirmative defenses – like complaints – are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings "freely ... when justice so requires." FED. R. CIV. P. 15(a); *see also Inst'uto Nacional de Comercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983) (citing *Bobbitt*, 532 F. Supp. at 737).

In its motion to strike, plaintiff alleges that thirteen of defendant's fourteen affirmative defenses fail to meet the liberal pleading requirements of the Federal Rules. Plaintiff alleges that these thirteen defenses consist of nothing more than contentions that the plaintiff cannot prove the necessary elements of her claim, that these same contentions are raised by denials in defendant's answer, and that, therefore, these contentions do not constitute affirmative defenses and should be stricken as patently insufficient. (Pl.'s Mot. to Strike Affirmative Defenses at 2.) In response, defendant emphasizes that courts generally disfavor motions to strike affirmative defenses and that, under notice pleading standards, affirmative defenses need only to appraise the plaintiff of the nature of the defense. (Def.'s Mem. in Resp. to Pl.'s Mot. to Strike Affirmative Defenses at 1-2.) The court addresses each disputed affirmative defense in the order presented by the parties.

## B. First and Eleventh Affirmative Defenses

Defendant's first affirmative defense states: "Plaintiff's entire Complaint and each Count set forth therein fails to adequately state a claim for relief." Defendant's eleventh affirmative defense states: "Plaintiff's Complaint fails to set forth facts sufficient to state a claim for exemplary or punitive damages."

Some courts in this district find that "legal insufficiency (properly assertable under Rule 12(b)(6)) is not a proper affirmative defense under Rule 8(c), for 'a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense, but instead is properly raised through a Rule 12(b)(6) motion to dismiss.'" *Instituto Nacional*, 576 F. Supp. at 991 (quoting 2A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.27[4]). Other courts in this district recognize that Rules 12(b)(6) and 12(h)(2) give the defendant the option of presenting a failure-to-state-a-claim defense in a responsive pleading or in a separate motion. *See, e.g., Codest Eng'g*, 954 F. Supp. at 1231. However, even if this court followed *Codest* and allowed these two affirmative defenses in defendant's responsive pleading, the two defenses are insufficiently pleaded and must be stricken.

The first and eleventh affirmative defenses are insufficient on their face because they are bare-bones conclusory allegations, simply naming legal theories without indicating how they are connected to the case at hand. Defendant's first and eleventh affirmative defenses are "no more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6)." *Id.* (striking the failure-to-state-a-claim defense for failing to identify any specific infirmities in the complaint);

5

*accord Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D. Ill. 1999). While the Federal Rules of Civil Procedure allow liberal notice pleading and do not require a claimant to set out in detail the facts upon which it bases a claim, they do not allow a claimant to merely recite the standard for a 12(b)(6) motion to dismiss, and to thereby "abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief." *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (quoted in *Franklin Capital Corp.*, 2000 WL 204227, at *2 (N.D. Ill. Feb. 10, 2000)). Accordingly, the court strikes defendant's first and eleventh affirmative defenses.

### C. Second and Third Affirmative Defenses

Defendant's second affirmative defense states: "At all times pertinent to this case, the Bar & Grill acted in good faith and did not intentionally or willfully discriminate against Plaintiff in violation of any federal laws." Defendant's third affirmative defense states: "Any employment actions taken with respect to Plaintiff were based upon legal criteria, and upon important and legitimate business purposes. Further, the Bar & Grill had legitimate and non-discriminatory reasons for all employment actions taken with respect to Plaintiff."

Again, like defendant's first and eleventh affirmative defenses, these two affirmative defenses are impermissible conclusory statements (*see supra* Sect. II.B.). Moreover, defendant has already put these matters in issue by denying certain allegations in its answer, and defendant not only need not but cannot raise these matters again via an affirmative defense. *See Menchaca v. Am. Med. Response of Illinois, Inc.*, 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998) (holding that where plaintiff employee alleged discriminatory and retaliatory reasons for her firing and

6

defendant employer put those matters in issue by denials of those allegations, employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); *Winding v. Pier Management Service*, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).

Moreover, while good faith is an affirmative defense which must be pleaded by the defendants in a 42 U.S.C. § 1983 action, this is not a § 1983 case. *See e.g., Gomez v. Toledo*, 446 U.S. 635, 639-40 (1980) (holding that defendants must plead good faith as an affirmative defense in a § 1983 action); *accord Chavis v. Rose*, 643 F.2d 1281, 1288 (7th Cir. 1981); *accord Pape v. Lerman*, No. 73 C 380, 1982 WL 228, at *9 (W.D. Wis. Feb. 17, 1982). The court's research uncovered no authority supporting defendant's assertion that good faith is an appropriate defense in this case, and defendants cite no such support.

Accordingly, the court strikes defendant's second and third affirmative defenses.

### D. Fourth and Fifth Affirmative Defenses

Defendant's fourth affirmative defense states: "The actions alleged by Plaintiff do not constitute sexual harassment and were not sufficiently severe or pervasive to have altered her workplace in violation of Title VII." Defendant's fifth affirmative defense states: "The Bar & Grill did not retaliate against Plaintiff."

7

In its response, defendant acknowledges that these two defenses are conclusory allegations. Therefore, the court strikes defendant's fourth and fifth affirmative defenses.

E. **Sixth Affirmative Defense**

Defendant's sixth affirmative defense states: "At all appropriate times, the Bar & Grill promptly investigated and took proper remedial action to correct the improper conduct, if any." Defendant asserts that this affirmative defense addresses remedial actions in accordance with the *Faragher/Ellerth* affirmative defense set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) (holding that in a hostile environment claim where no tangible employment action occurs, a defending employer may raise an affirmative defense by proving "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise") and *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998) (accord).

Recently, the Seventh Circuit clarified this defense when it explained,

> to merit an instruction on the *Faragher/Ellerth* affirmative defense the employer must show that: (1) the plaintiff endured no tangible employment action; (2) there is some evidence that the employer reasonably attempted to correct and prevent sexual harassment; and (3) there is some evidence that the employee unreasonably failed to utilize the avenues presented to prevent or correct the harassment.

*Savino v. C.P. Hall Co.*, 199 F.3d 925, 932 (7th Cir.1999) (construing *Faragher*, 524 U.S. 775, 807-808); *see also Molnar v. Booth*, Nos. 98-4047, 98-4056, 98-4127, 98-4291, 2000 WL 1456883 (7th Cir. Oct. 2, 2000) (accord).

Defendant's sixth affirmative defense withstands plaintiff's motion to strike because it is an appropriate assertion of remedial action under *Faragher* and *Ellerth* and the defendant may be able to prove facts supporting this claim that would entitle it to relief. *See Conley*, 355 U.S. at 45-46. At this point of the litigation the court must accept all well-pleaded allegations as true. Accordingly, plaintiff's motion to strike defendant's sixth affirmative defense is denied.

## F. Seventh and Tenth Affirmative Defenses

Defendant's seventh affirmative defense states: "The Bar & Grill did not constructively discharge Plaintiff, nor was her work environment made unbearable. As a result, Plaintiff cannot possibly recover damages for her lost job, wages and opportunities." Defendant's tenth affirmative defense states: "Plaintiff voluntarily left her position with the Bar & Grill and the Bar & Grill did not discriminate against Plaintiff in any way. Therefore, Plaintiff is not entitled to any relief whatsoever in this action."

Defendant's seventh affirmative defense raises a matter already raised in its denial and, accordingly, is stricken as unnecessary. *See Household Fin. Serv.*, 2000 WL 816795, at *1. However, defendant's tenth affirmative defense will stand because defendant's answer does not raise the allegation that plaintiff voluntarily left her employment. The defendant may be able to prove facts supporting this claim and, at this point in the litigation, the court must accept all well-pleaded allegations as true.

Accordingly, plaintiff's motion to strike defendant's seventh affirmative defense is granted, but plaintiff's motion to strike defendant's tenth affirmative defense is denied.

## G. Fourteenth Affirmative Defense

Defendant's fourteenth affirmative defense states: "Upon information and belief, Plaintiff pursues this cause of action knowing that she was not subjectively or objectively harassed on the basis of her sex or that she was subjected to harassment. Prior to her filing the Charge with the EEOC, Plaintiff stated to Kele Tom that she was contemplating legal action against the Bar & Grill so that she could 'take the money and open her own kitchen for catering.'"

Like defendant's sixth and tenth affirmative defenses, defendant's fourteenth affirmative defense must stand because it raises an issue not raised in defendant's answer and because defendant may be able to prove facts supporting this claim. *See Conley*, 355 U.S. at 45-46. Accordingly, plaintiff's motion to strike defendant's fourteenth affirmative defense is denied.

## H. Ninth Affirmative Defense

Defendant's ninth affirmative defense states: "Insofar as Plaintiff purports to allege a claim or claims for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the Illinois Workers' Compensation Act, 820 ILCS 305/1, *et seq.*"

The court strikes this defense because it incorrectly states the law. *See Johnson v. Indopco, Inc.*, 846 F. Supp. 670, 676 (N.D. Ill. 1994) ("[w]ith the advent of the Civil Rights Act of 1991 ... the limitation of recoverable damages to equitable relief in a Title VII claim was removed"); *see also Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726 (N.D. Ill. 1993) (finding that employer's emotional distress claims arising out of alleged sexual harassment by

10

co-workers were not preempted by Illinois Workers' Compensation Act and that the exclusive remedy provisions of Illinois Workers Compensation Act did not bar workers' emotional distress claims and assault and battery claims.) Accordingly, plaintiff's motion to strike defendant's ninth affirmative defense is denied.

## I. Twelfth and Thirteenth Affirmative Defenses

Defendant's twelfth affirmative defense states: "Plaintiff is not entitled to recover punitive and/or exemplary damages as alleged in her Complaint because the Bar & Grill cannot be vicariously liable for discriminatory employment decisions of its agents since those decisions, if any, were contrary to the Bar & Grill's good-faith efforts to comply with Title VII and/or the Civil Rights Act of 1991." Defendant's thirteenth affirmative defense states: "Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in her Complaint on the ground that any award of punitive or exemplary damages in general and/or any award as applied to the facts of this specific action would violate the Bar & Grill's constitutional rights under provisions of the Constitutions of the United States and/or the State of Illinois, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution."

The Supreme Court recently held that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999) (quoting *Kolstad v. Am. Dental Ass'n*, 139 F.3d 958, 974 (D.C. Cir. 1998) (Tatel, J., dissenting)). As the Supreme Court

recognized, "'[g]iving punitive damages protection to employers who made good-faith efforts to prevent discrimination in the workplace accomplishes' Title VII's objective of 'motivat[ing] employers to detect and deter Title VII violations.'" *Id.* Because defendant's twelfth affirmative defense raises a defense in accordance with *Kolstad*, and because this issue is not raised in defendant's answer and may be supported by facts, plaintiff's motion to strike defendant's twelfth affirmative defense is denied.

The court strikes defendant's thirteenth affirmative defense as an incorrect statement of the law. An employer can be held liable for punitive damages in a Title VII case when the employer "engage[s] in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the [plaintiff's] federally protected rights." 42 U.S.C. § 1981a(b)(1). The Seventh Circuit has upheld punitive damage awards based on employers acting with malice or reckless indifference. *See, e.g., Gile v. United Airlines, Inc.*, 213 F.3d 365 (7th Cir. 2000); *Tincher v. Wal-Mart Stores, Inc.*, 118 F.3d 1125 (7th Cir. 1997). Notably, the punitive damage standard does not require that the plaintiff show egregious or outrageous conduct independent of the employer's state of mind, but only that the employer "discriminated in the face of a perceived risk that its actions will violate federal law." *Gile*, 213 F.3d at 375 (quoting *Kolstad v. Am. Dental Assoc.*, 527 U.S. at 534-538).

Accordingly, the court denies plaintiff's motion to strike defendant's twelfth affirmative defense, but grants plaintiff's motion to strike defendant's thirteenth affirmative defense.

## CONCLUSION

For the reasons set forth in this opinion, the court grants in part and denies in part plaintiff's motion to strike defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

1. Plaintiff's motion to strike affirmative defense #1 is granted.
2. Plaintiff's motion to strike affirmative defense #2 is granted.
3. Plaintiff's motion to strike affirmative defense #3 is granted.
4. Plaintiff's motion to strike affirmative defense #4 is granted.
5. Plaintiff's motion to strike affirmative defense #5 is granted.
6. Plaintiff's motion to strike affirmative defense #6 is denied.
7. Plaintiff's motion to strike affirmative defense #7 is granted.
8. Plaintiff's motion to strike affirmative defense #9 is granted.
9. Plaintiff's motion to strike affirmative defense #10 is denied.
10. Plaintiff's motion to strike affirmative defense #11 is granted.
11. Plaintiff's motion to strike affirmative defense #12 is denied.
12. Plaintiff's motion to strike affirmative defense #13 is granted.
13. Plaintiff's motion to strike affirmative defense #14 is denied.

Date: NOV 02 2000

James H. Alesia
United States District Judge